## WILSON *v.* THE STATE BANK OF ALABAMA.

A prayer for a trial by jury is in time, if made before the case is set for trial. C. P. 494, 495,

Under the 17th sec. of the stat. of 10th February, 1841, a prayer for a jury should be disregarded until the jury fee is paid; but the payment may be made at any time before the case is fixed for trial.

Though a statute direct a thing to be done at a particular time, it does not necessarily follow that it may not be done afterwards.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J, *T. J. Lacey* and *Roselius*, for the appellant. *Elmore* and *King*, for the defendants. The judgment of the court was pronounced by

EÙSTIS, C. J, This case has been argued on the following bill of exceptions;

Be it remembered that when this case was called for trial before this court, the plaintiff objected to proceed with the trial before the court on the ground that a jury had been prayed for, and the jury fee of twelve dollars deposited with the clerk, before the case was fixed for trial on the court docket; but the court decided that the plaintiff was not entitled to a trial by jury, because he had not advanced the jury fee at the time when the supplemental petition for a

trial by jury was filed, to wit, on the 18th day of February, 1847, but had advanced the said jury fee only on the 5th March, 1847, fifteen days after the filing of the prayer for a jury. The jury fee having been advanced by the party on the 5th March as aforesaid, the clerk of the court on that day inserted the cause in the issue docket of jury causes; but without erasing the cause from the issue docket of court causes, upon which it had been long previously placed. On the next day, saturday, the 6th of March, 1847, the court docket was called, and this cause being reached, was called and fixed as a court cause, to be tried on thursday, the 25th of March: but on that day it was continued for want of time, and was again called by preference on saturday, the 3d April instant, and was fixed for trial, as a court cause, for the 21st April instant. On saturday, the 17th April instant, the causes at issue on the jury docket being called, this cause was reached on that docket, and was fixed for thursday, the 29th April, for which day it now stands fixed on the trial docket: But the cause being called for trial on the 21st on the court docket, the cousel for plaintiff objected to going into the trial as above stated; and the court, in overruling the objection, makes the above statement of facts and dates, at the request of the parties.

To the decision of the court as above the plaintiff, by counsel, excepted, and this bill is signed this day in open court, in the presence of both parties.

The act of the legislature of February 10th, 1841, provides that the juries in the District, Parish, and Commercial Courts, sitting in the city of New Orleans, shall be entitled to a compensation of one dollar for every case in which there is a verdict, to be charged as costs; but shall be advanced by the party when he files his petition or answer praying for a trial by jury, otherwise said prayer shall be disregarded and the case tried by the court," &c. The title of the act of which this section forms a part is, "To create two additional sheriffs for the parish of Orleans, to fix the place of holding the courts of justice, and for other purposes," the evil it intended to remedy was an accumulation of suits, and its object was to ensure a prompt and efficient administration of justice ; so the preamble declares, and in the furtherance of which this provision relating to jury trial was enacted.

This is not a general statute operating throughout the State, but exclusively confined to the courts in New Orleans. It is exceptional and local in its operation, and *prima facie* can hardly be considered as impugning any matter of right enjoyed by the citizen in other parts of the State ; and for this reason, if there were no others, a strict and literal construction of its provisions in relation to such rights would be inadmissible. It is true that the right of a trial by jury in civil cases is not secured by the constitution ; but its importance as a right given by law and as a political institution, this court is not permitted to undervalue or overlook.

The district judge determined that the plaintiff was not entitled to a trial by jury, because he had not advanced the jury fee at the time the supplemental petition for a trial by jury was filed. The statute provides that the jury fee shall be advanced when the petition or answer shall be filed, otherwise the prayer shall be disregarded. It makes no provision for any subsequent application for a jury trial, and a rigid construction would deprive parties of the right unless made when the petition or answer was filed. But we recognized the right of the party to a trial by jury after issue joined, on his application and payment of the jury fee. By the Code of Practice a jury may be prayed

WILSON
*v.*
STATE BANK.

for by a supplemental petition or answer, and the only requisite to its being granted, in cases in which it is allowed by law, is, that it be presented "before the suit be set for trial," the meaning of which clause is interpreted in the case of the *Louisiana State Bank* v. *Ledoux et al.*, 2d Ann. Rep. 651. Code of Practice arts. 494, 495.

The latter clause of the section quoted provides for the striking of causes from the jury docket, unless the party asking the jury shall advance the jury fee. The intendment of the statute was to clear and keep clear the jury docket from cases in which sham or fictitious defences were set up, as well as to relieve the citizens from the onerous and unnecessary duty of losing their time in vain and vexatious litigation, but not to make the right of parties to a jury trial dependant on the application at any specified time, inasmuch as that was regulated by the provisions of the Code of Practice regulating such applications. Our construction is that the prayer for a jury ought to be disregarded until the jury fee is paid, which must be done before the cause is fixed for trial; that the matter of time is merely directory, the statute not intending to deprive the party of the right in any serious defence, of which the test established was the payment of the jury fee. When a statute directs a thing to be done at a certain time, it does not necessarily follow that it may not be done afterwards. It would not be safe—it would be a dangerous precedent of construction, to hold that a right like this was taken away by a remote implication, unsupported by the purpose, policy, or intendment of the act under consideration. Following the established rules for the interpretation of statutes we can come to no other conclusion than that, the judge erred in refusing to the plaintiff a trial by jury, he having applied for the same and paid the jury fee, at a time when the cause was not fixed for trial.

The judgment appealed from is therefore reversed, and the cause remanded for a trial by jury; the appellees paying the costs of appeal.